**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

Daniel McCarville, individually and as a representative of a class of participants and beneficiaries on behalf of the Crane Savings and Investment Plan,

Plaintiff,

v.

Crane Company and Crane Savings Plan Committee,

Defendants.

Civil Action No. 3:25-cv-00987-SFR

CLASS ACTION
JURY DEMAND

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITIES**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff submits this Notice of Supplemental Authorities to advise the Court of two decisions issued after briefing on Defendants' motion to dismiss was completed: *Halamek v. Philips N. Am. LLC*, No. 25-12003-FDS, 2026 U.S. Dist. LEXIS 200587 (D. Mass. Sept. 4, 2026) (Saylor, J.) (attached as Exhibit 1), and *O'Donnell v. Charter Communications, Inc.*, No. 4:25-CV-157-ZMB, 2026 U.S. Dist. LEXIS 208144 (E.D. Mo. Sept. 14, 2026) (Bluestone, J.) (attached as Exhibit 2).

In *Halamek*, the court denied dismissal of the plaintiffs' ERISA duty-of-loyalty claim, where the plaintiffs, like Plaintiff here, alleged that defendants used their discretionary fiduciary authority "in all instances" to "reduce the company's contributions" rather than to defray plan expenses. *Halamek*, 2026 U.S. Dist. LEXIS 200587, at *5, *9–12. The court held that "even if the plan confers broad discretionary powers, it is at least plausible that defendants were motivated purely by self-interest and acted in a manner that was detrimental to participants." *Id.* at *11.

The allegations of the Amended Complaint here are materially identical. Plaintiff alleges that the Plan's fiduciaries did not once choose to defray Plan expenses during the Class Period while using $11 million in forfeitures for Crane's benefit. *See* ECF No. 34 ¶¶ 5, 108.

In *O'Donnell*, the court denied dismissal of the plaintiffs' ERISA fiduciary-breach claims where, as here, the plan required that forfeitures be used to pay Plan administrative expenses before reducing the employer's contributions, yet the employer used forfeitures to reduce its own contributions without first paying those expenses. *O'Donnell*, 2026 U.S. Dist. LEXIS 208144, at *2–3, *10–12. The court held that a fiduciary's failure to act "in accordance with the documents . . . governing the plan" is itself a breach of duty. *Id.* at *7 (quoting 29 U.S.C. § 1104(a)(1)(D)).

The reasoning of *O'Donnell* applies directly to Plaintiff's claims for the portion of the Class Period governed by the Crane Plan's mandatory forfeiture provision. As amended effective January 1, 2024, the Crane Plan requires Plan Fiduciaries to use Forfeited Plan Assets "first to pay the administrative expenses of the Plan, and then to reduce Company contributions under the Plan." ECF No. 34 ¶ 93. As in *O'Donnell*, Defendants nonetheless used forfeitures to reduce Crane's contributions rather than to defray Plan expenses. *See* ECF No. 34 ¶ 93.

*O'Donnell* also addressed three arguments that Defendants raise here. *See* ECF No. 38-1 at 15–16, 23–32. First, the court rejected the contention that the claim for failure to follow plan documents was "a disguised denial-of-benefits action requiring exhaustion," at least as to fees affecting the plan itself, because the plaintiffs sought to recover administrative expenses "that affect the entire Plan, not just benefits for individual participants." *O'Donnell*, 2026 U.S. Dist. LEXIS 208144, at *8–9. Second, the court declined to resolve at the pleading stage the defendant's argument that the fees at issue were not "administrative expenses" under the plan, finding it "clear that Plaintiffs have pled at least a limited breach of plan documents." *Id.* at *10–

11. Third, the court found the alleged loss to the plan "clear and not impermissibly speculative," reasoning that it was "reasonable to infer that Charter would not have unilaterally decided to withhold matching funds." *Id.* at *13.

Plaintiff respectfully submits that *Halamek* and *O'Donnell* support denial of Defendants' Motion to Dismiss as to Plaintiff's forfeiture-related fiduciary-breach claims.

Dated: November 18, 2026

Respectfully submitted,

**Cowdery, Murphy & Healy, LLC**

*/s/ James J. Healy*
James J. Healy (ct28447)
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
(860) 278-5555
(860) 249-0012
jhealy@cmandh.com

**CHIRINOS LAW FIRM PLLC**
*/s/ Tulio D. Chirinos*
Tulio D. Chirinos (*pro hac vice*)
370 Camino Gardens Blvd., Ste 106
Boca Raton, FL 33432
Telephone: (561) 299-6334
tchirinos@chirinoslawfirm.com

*Attorneys for Plaintiff and Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, a copy of the foregoing was filed electronically and served upon all counsel of record via operation of the Court's CM/ECF System or by mail upon anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James J. Healy*
James J. Healy (ct28447)